FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ MAY 22 2019 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
**CHARMANE SMITH,**

                Plaintiff,

    -against-

**ZEBRA TECHNOLOGIES CORP. and MOTOROLA, INC.,**

                Defendants.
------------------------------------------------------------X

**MEMORANDUM & ORDER**
19-CV-2823 (AMD) (LB)

**ANN M. DONNELLY,** United States District Judge:

On May 10, 2019, the *pro se* plaintiff, Charmane Smith, commenced this action alleging product liability claims and claims under the Consumer Protection Act, 18 U.S.C. § 2520. (ECF No. 1.) The plaintiff also filed a one-page motion for summary judgment. (ECF No. 3.) The plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (ECF No. 2) is granted solely for the purposes of this order. The plaintiff's complaint is dismissed for failure to state a claim for relief under 28 U.S.C. § 1915(e)(2)(B)(ii), and the plaintiff's motion for summary judgment is denied as moot.

## BACKGROUND

The plaintiff alleges that "[t]he defendants' payment processing equipment, software and/or telephone devices enable tracking, manipulation, alteration, interference with, and/or potential cloning of personal information, availability/accessibility, spending limits, pricing and sales discounts (covert, unauthorized, and/or denial of the benefit) through point-of-sale transactions." (ECF No. 1 at 2.) The plaintiff brings claims of "wire, oral, and electronic interception" under the Consumer Protection Act, 18 U.S.C. § 2520, and product liability. (*Id.*) She seeks $10 million in damages. (*Id.*)

1

## STANDARD OF REVIEW

A federal court must "liberally construe[ ]" pleadings by *pro se* parties, and interpret the complaint to raise the strongest argument it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, a complaint still must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in a complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.* at 678. While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

A district court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## DISCUSSION

The complaint does not state a plausible claim under any standard. It includes a one-sentence "statement of facts," which is a list of claims without any factual allegations about how the defendants wronged her or whether she was injured. Thus, the complaint is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B).

While *pro se* plaintiffs are ordinarily granted leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Chavis v.*

*Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), leave to amend "may properly be denied if the amendment would be futile," *Grullon v. City of New Haven*, 720 F.3d 133, 140 (2d Cir. 2013). The plaintiff lists state and federal laws, but asserts no facts that suggest a valid claim. Even if she had stated a claim, there are no facts demonstrating that any of the events about which she complains occurred in this district.

The plaintiff has an extensive litigation history; she has filed over 200 cases in federal district and appellate courts.[1] She also filed two other complaints in this Court: *Smith v. Ingenico Group*, No. 19-CV-2607 (E.D.N.Y. filed Apr. 29, 2019) which is nearly identical to this complaint, and *Smith v. Qosmedix*, No. 19-CV-2608 (E.D.N.Y. filed May 1, 2019). Both complaints were dismissed. She is subject to filing injunctions in the following courts:

- *Smith v. United States*, No. 4:01-CV-450-Y (N.D.Tex. May 30, 2001) (enjoining plaintiff from filing cases in the Northern District of Texas without prior judicial permission);

- *Smith v. Dell, Inc.*, No. 06-2496-B/V, 2007 WL 3232037 (W.D. Tenn. Oct. 31, 2007) (enjoining plaintiff from filing actions *in forma pauperis*);

- *Smith v. Spitzer*, 531 F.Supp.2d 360 (N.D.N.Y. 2008) (enjoining plaintiff from filing actions in the Northern District of New York without obtaining counsel or prior court approval);

- *Smith v. Chase Bank*, No. 11 Civ. 2270 (S.D.N.Y. Dec. 2, 2016) (enjoining plaintiff from filing any future *in forma pauperis* action in the Southern District of New York without first obtaining court permission).

This Court will not tolerate frivolous, repetitive, and vexatious litigation. I have warned the plaintiff that she may be subject to a filing injunction in this Court if she continues to file similar actions. *Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) (per curiam); *see also Iwachiw v. N.Y. State Dep't of Motor Vehicles*, 396 F.3d 525, 538 (2d Cir. 2005) (per curiam);

---

[1] *See* Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service. https://pcl.uscourts.gov (last visited May 20, 2019).

*see also Smith v. Ingenico Group*, No. 19-CV-2607 (E.D.N.Y. closed May 15, 2019) (dismissing case for failure to state a claim and notifying the plaintiff that she may be subject to a filing injunction in this Court if she continues to file similar actions); *Smith v. Qosmedix*, No. 19-CV-2608 (E.D.N.Y. closed May 15, 2019) (same). Because it is not clear that she filed this action after that warning, I do not impose a filing injunction at this time. Future similar filings will result in an injunction.

## CONCLUSION

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), and the plaintiff's motion for summary judgment is denied as moot. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully directed to enter judgment and close this action.

**SO ORDERED.**

s/Ann M. Donnelly
———————————————
Ann M. Donnelly
United States District Judge

Dated: May 22, 2019
      Brooklyn, New York